UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VICTOR GARCIA,

                Plaintiff,                14-cv-9042 (PKC)

    -against-                  MEMORANDUM AND ORDER

TAL ON 1ST INC., d/b/a TAL BAGEL,
MOHAMMED KAMAL, ROBERT WINER and
SAM DOE, last name being fictitious and
unknown,

                Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants move to dismiss this case for failure to prosecute, pursuant to Rule 41(b), Fed. R. Civ. P.  (Docket # 28.)  This action was filed on November 13, 2014, and brings claims under the Fair Labor Standards Act (the "FLSA") and New York Labor Law.  (Docket # 2.)

        On July 1, 2015, Amit Kumar, the attorney for plaintiff Victor Garcia, moved to withdraw as counsel.  (Docket # 16.)  In support of the motion, Kumar stated that his office made "numerous attempts to contact Mr. Garcia," which included "calling his mobile and home phone numbers" on twelve occasions over a period of approximately two months.  (Kumar Dec. ¶ 3.) The calls were not successful, and Garcia did not respond to his attorney's voicemails.  (Kumar Dec. ¶ 3.)  In one instance, Garcia hung up the phone when reached by Kumar's office.  (Kumar Dec. ¶ 5.)  Garcia also did not respond to a letter sent by Kumar, or answer the door when a paralegal attempted to reach him at his home.  (Kumar Dec. ¶¶ 4, 6.)

The Court granted Kumar's motion to withdraw, and advised Garcia as follows: "Plaintiff Victor Garcia must appear in person or by an attorney admitted to practice in this Court on at the [sic] September 3, 2015 at 11 a.m. in Courtroom 11D, 500 Pearl Street, New York, NY, or his complaint will be dismissed for failure to prosecute." (Docket # 22.) The Court directed Kumar to serve Garcia with a copy of the Order. (Docket # 22.) The pretrial conference of September 3 was later adjourned to September 8, 2015. (Docket # 24.) Garcia did not appear at that conference. (See Minute Entry, 9/8/2015.) Defendants filed the current motion on October 29, 2015. (Docket # 28.) Garcia has not submitted papers in opposition, and has made no other communications to the Court.

Dismissal for failure to prosecute is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Where the failure to prosecute is by a pro se litigant, "district courts should be especially hesitant to dismiss for procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Garcia has made no communications with counsel or the Court since at least April 2015, when Kumar first began his unsuccessful attempts to reach his then-client. (Kumar Dec. ¶ 3.) Although the circumstances are not described in an affidavit or declaration, defendants' memorandum of law states that Garcia's deposition could not be scheduled in spring 2015 because he refused all communications. (Def. Mem. at 1.)

Garcia was advised that his failure to appear at the September 8, 2015 pretrial conference would result in dismissal for failure to prosecute. (Docket # 22.) Garcia did not appear at the conference, and has made no communications to the Court since that time.

Further delay would prejudice the defendants. At this point, Garcia has not responded to communications for a period of at least nine months. During that time, no progress has been made in resolving the claims pending against the defendants, and given that Garcia has not acknowledged communications from the Court or any attorney, no resolution is in sight.

There is no indication that Garcia wishes to continue with this action. He was warned that his failure to appear at the pretrial conference of September 8 could result in dismissal of his claims, yet still failed to appear, and has communicated no desire to move forward with his case. Even affording Garcia solicitude as a pro se party, "the circumstances are sufficiently extreme" to warrant dismissal. See Lucas, 84 F.3d at 535.

In light of the foregoing, the Court concludes that the factors set forth in Drake, 375 F.3d at 254, all weigh in favor of dismissing this action for failure to prosecute, and none weighs in favor of proceeding with the case.

Defendants' motion to dismiss for failure to prosecute is therefore GRANTED. (Docket # 28.) The Clerk is directed to terminate the motion and to enter judgment in favor of the defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 15, 2016